

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 19 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

1

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS FORT WORTH DIVISION

DAVID SHEPPARD,
   Plaintiff,

v.                          Case No. Unknown

UNITED STATES OF AMERICA,
   Defendant,

## PETITION FOR WRIT OF MANDAMUS

Comes now David Sheppard, pro se, before this honorable justice Court who brings this PETITION FOR WRIT OF MANDAMUS for the following reason to wit:

### ISSUE

Sheppard who was convicted in this court for 21 U.S.C. 841(a)(1) and (b)(1)(B) Possession with intent to distribute controlled substance and, 21 U.S.C. 846 Conspiracy to possess with intent to distribute a Controlled Substance. However in the sentencing hearing 2 levels were added under U.S.S.G. 2D1.1(b)(5)(A) for importation that was unlawfully applied thereby making Sheppard by right and the government by obligation to have the 2 levels removed.

2

## RULE

Federal Rules of Civil Procedure discloses that the writ of mandamus is abolished in accordance with 81(b) of such rules. However 28 U.S.C. 1361 is asserted to construe jurisdiction in this Court. See 28 U.S.C. 1361 (The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.).

## ARGUMENT

To obtain remedy in the form of mandamus Sheppard must prove: (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy. See Davis v. Fechtel, 150 F.3d 486, (5th Cir. 1998). Thereby Sheppard provides support in accordance with the 3 points necessary to attain remedy in the form of mandamus

### (1) SHEPPARD HAS CLEAR RIGHT TO RELIEF

In order for Sheppard to be given 2 points for importation under U.S.S.G. 2D1.1(b)(5)(A) it must first be established where the importation of methamphetamine came from. See United States v. Dinh, 920 F.3d 307, 310 (5th Cir. 2019)(Bald, conclusionary statements do not acquire the

3

patina of reliability by mere inclusion in the presentence report (PSR). However, a district court may adopt the facts presented in a PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence.) In this case the Court did not know for a fact where the methamphetamine was imported from due to the P.S.R or the government not providing proof. See 4:16-CR-00021-A Document 657 Page 7 thru 8. Also as the record reflects rebuttle evidence was given to support the fact that: (1) the P.S.R. did not contain facts of the purity level of the methamphetamine (which is ghost dope) which was what the government based its reasoning for importation from Mexico, and (2) the government relied on a co-defendant who is not an expert and does not have firsthand knowledge where the methamphetamine came from thereby being unreliable. See United States v. Harris, 702 F.3d 226, 230 (5th Cir. 2012)(When faced with facts contained in a presentence report that are supported by an adequate evidentiary basis with sufficient indicia of reliability, a defendant must offer rebuttal evidence demonstrating that those facts are materially untrue, inaccurate or unreliable. Mere objections to such supported facts are generally insufficient.).

4

However, the most important fact that must be proven by evidence provided by the government is that Sheppard "knew" the methamphetamine was imported unlawfully which the government and certainly the probation officer never provided in the P.S.R. or in the sentencing hearing. See U.S.S.G. 2D1.1(b)(5)(A) ( If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under 3B1.2 (Mitigating Role), increase by 2 levels.); See United States v. Elwood, 999 F.2d 814, 817-18 (5th Cir 1993) ("Bald conclusionary statements do not acquire the patina of reliability by mere inclusion in the P.S.R.").

The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to determination of a Guideline sentencing range. See United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006) ( Consideration of the recommended U.S. Sentencing Guidelines range is mandated by Booker and Mares, even where calculation of the appropriate range requires the court to take into account facts not proven to a jury.) Thus the court is not permitted to allow hearsay of codefendant who had no firsthand knowledge of the origin of the methamphetamine

5

and if it came from Mexico without actually taking part in importation for such to be allowed as evidence to support P.S.R.. See Fed. R. Evi. (C)(1) and (2). Further Sheppard did not admit that he took part in importation nor was it proved beyond a reasonable doubt that he took part in importation. See United States v. Mares, 402 F.3d 511 (2005)( Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.).

Sheppards guilty plea set the first basis of where he is to be sentenced under the guidelines. In order for such to increase in levels there must be specific facts and not conclusionary statements to prove he took part in importation which is in the wording of the guideline for importation. See U.S.S.G. 2D1.1(b)(5)(A).

(2) GOVERNMENT HAS CLEAR DUTY TO ACT

A punishment can only be enforced when the commission of such act as defined by Statute has occurred. See Viereck v. United States, 318 U.S. 236 (1943)( One may be subjected to punishment for crime in the Federal courts only for the commission or omission of an act defined by Statute or by regulation having legislative authority, and

6

then only if punishment is authorized by Congress.). It is further a violation of due process to construct judicially a violation of a statute when Sheppard has not committed the statute of U.S.S.G. 2D1.1(b)(5)(A). See Viereck v. United States, 318 U.S. 236 (1943)(The unambiguous words of a statute which imposes criminal penalties are not to be altered by judicial construction so as to punish one not otherwise within its reach, however deserving of punishment his conduct may be.).

The wording of U.S.S.G. 2D1.1(b)(5)(A) however, are not ambiguous and disclose the following. See U.S.S.G. 2D1.1(b)(5)(A)(If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were important unlawfully, and (B) the defendant is not subject to an adjustment under 3B1.2 (Mitigating Role) increase by 2 levels.) Therefore due to the P.S.R. not providing any burden of proof as well as the government at sentencing proceeding, enforcement of U.S.S.G. 2D1.1(b)(5)(A) is not applicable because no facts support its implementation that Sheppard "knew" the methamphetamine was imported. See United States v. Brooks, 681 F.3d 678 (5th Cir. 2012)(As a general matter, the burden of proof at sentencing

States Court of Appeals for the Fifth Circuit has stated that there may be certain cases where a sentencing fact is a tail that wags the dog of the substantive offense, and might arguably require a finding beyond a reasonable doubt.).

The Sixth Amendment applies to the Guidelines which are to establish: (1) how methamphetamine got into the United States, (2) where the methamphetamine came from, (3) the purity level of the methamphetamine, (4) the persons responsible for importing the methamphetamine, (5) those persons who aquired the methamphetamine upon getting into the State of Texas, and (6) that Sheppard knew it was imported from Mexico. See United States v. Booker, 543 U.S. 466 (2000)(The Sixth Amendment guarantee of a right to a jury trial, as construed in Blakely, applied to the Guidelines.).

Thus as the Supreme Court held any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

8

### (3) NO OTHER REMEDY EXIST

Plea agreements are contracts which Sheppard entered into with the United States, 556 U.S. 129, 137 (2009)(stating "plea bargains are essentially contracts"). The plea agreement discloses that Sheppard cannot file a motion under 28 U.S.C. 2255, 28 U.S.C. 2241 or appeal his sentence leaving no other remedy to provide relief for Sheppard due to counsel not being ineffective in the sentencing proceeding. See Plea Agreement; See also United States v. Serrano-Lara, 698 F.3d 814, 845 (5th Cir. 2012)(defendant barred from appealing sentence after plea agreement despite district court's erroneous striking of appeal waiver in plea agreement because waiver was knowingly and voluntary.)

Thus Mandamus is the only option to make the government do what is required by law and not breach the plea agreement.

### CONCLUSION

The government should be compelled to remove the 2 points construed with U.S.S.G. 2D1.1 (b)(5)(A) due to meeting the 3 point requirement.

### PRAYER

Sheppard hereby prays this Justice Court grant this Writ of Mandamus to compell the government to remove the 2 point enhancement from U.S.S.G. 2D1.1(b)(5)(A) and to …

9

the plea agreement which Sheppard has no breached
Date: 8·31·22                              Respectfully
                                   David Sheppard
                    Pro Se:  DAVID SHEPPARD

AFFIDAVIT

I David Sheppard, being over 18 years of age do swear all facts and statements are true and correct in this Writ of Mandamus under the penalty of perjury.
Date: 8·31·22                      David Sheppard
                                   DAVID SHEPPARD

CERTIFICATE OF SERVICE

"I hereby certify I have sent this Petition for Writ of Mandamus to the Clerk of Court at 501 W. 10th St., Fort Worth, TX 76102.
Date: 8·31·22                      David Sheppard
                                   DAVID SHEPPARD

David Sheppard Jr. #53914-177
Federal Correction Institution
P.O. Box 1500
El Reno, OK 73036

FOREVER / USA

FOREVER / USA

X-RAY

United States Court Clerk
501 W. 10th St.
Fort Worth, TX 76102

RECEIVED
SEP 19 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

"Legal Mail"