U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 1 4 2022
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID SHEPPARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:22-CV-834-A |
| | § | (NO. 4:16-CR-021-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Movant, David Sheppard, filed a document titled, "Petition for Writ of Mandamus," which the court has interpreted as a motion under 28 U.S.C. § 2255. By order signed September 23, 2022, the court gave movant notice of its intent so to construe the document and an opportunity to withdraw or amend same. Movant did not make a timely response to the order. Accordingly, the court ordered service of the motion and a response from the government. Movant then filed a motion for reconsideration, again urging that he is entitled to mandamus relief. The court, having considered the motions, the government's response (labeled a motion to dismiss), the record, including the record in the underlying criminal case, No. 4:16-CR-021-A, styled "United States of America v. Cleto Tarin, et al.," the record, and applicable authorities, finds that the motion under § 2255

must be dismissed and the motion for reconsideration must be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On February 10, 2016, movant was named along with others in a two-count indictment charging him in count two with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 37. Movant entered a plea of guilty. CR Doc. 214. He signed a factual resume setting forth the maximum penalty he faced, the elements of the offense, and the stipulated facts establishing that he committed the offense. CR Doc. 215. The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 32. CR Doc. 298, ¶ 31. He received a two-level increase for importation, id. ¶ 32, and a two-level increase for maintaining a drug premises. Id. ¶ 33. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 39, 40. Based on a total offense level of 33 and a criminal history

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-021-A.

2

category of VI, movant's guideline imprisonment range was 235 to 293 months. However, the statutorily authorized maximum sentence was twenty years, so the guideline range became 235 to 240 months. Id. ¶ 140. Movant filed objections to the PSR. CR Doc. 455. The probation officer prepared an addendum to the PSR, accepting the objection as to the drug premises enhancement. CR Doc. 371. The probation officer prepared a second addendum regarding drug purity. CR Doc. 436.

The court sentenced movant to a term of imprisonment of 235 months. CR Doc. 448. He appealed. CR Doc. 450. His conviction and sentence were affirmed. United States v. Sheppard, 694 F. App'x 282 (5th Cir. 2017). He did not file a petition for writ of certiorari.

II.

Ground of the Motion

Movant urges one issue in support of the relief he seeks. He says that he should not have received a two-level enhancement for importation. Doc.[2] 1. at 1.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

III.

Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

IV.

Analysis

In this case, movant's conviction and sentence were affirmed on July 27, 2017. Sheppard, 694 F. App'x 282. He did not file a petition for writ of certiorari, so his judgment

4

became final on October 25, 2017, when the time for filing such a petition expired. Clay v. United States, 537 U.S. 522, 525 (2003). Movant did not seek relief based on his underlying judgment until August 31, 2022, almost four years after the one-year limitations period expired. 28 U.S.C. § 2255(f).

Movant does not offer any excuse for failing to timely file his motion. In fact, he does not address limitations at all. He simply argues that he should be entitled to mandamus relief. Doc. 8. A motion under § 2255, rather than a mandamus action, is the means for challenging a federal conviction and sentence. A movant cannot circumvent limitations on filing a § 2255 motion by labeling the relief he seeks a petition for mandamus. See Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000); United States v. Jefferson, 95 F. App'x 544 (5th Cir. 2004).

Limitations notwithstanding, movant could not prevail in any event. First, misapplication of the sentencing guidelines is not cognizable on collateral review. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Second, movant's claim was raised on appeal and cannot be considered here. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). And, third, movant cannot show that he could prevail on the merits, as the Fifth Circuit has already determined that the court properly

applied the two-level enhancement for importation. <u>Sheppard</u>, 694 F. App'x at 283.

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed, and his motion for reconsideration be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 14, 2022.

_____
JOHN McBRYDE
Senior United States District Judge